**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-51136
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS COLIN-LUJAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-1124-2

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Carlos Colin-Lujan appeals the 108-month sentence imposed following his guilty plea conviction of conspiring to possess with the intent to distribute cocaine. He contends that his sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). He argues that a shorter sentence is warranted in his case because he did not actually possess most of the 100 kilograms of cocaine for which he was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

held responsible under the Guidelines. He also argues that the district court judge failed to adequately consider his lack of a prior criminal record and the fact that his strong family ties, community involvement, and educational accomplishments provided a strong incentive for rehabilitation. Finally, Colin-Lujan argues for the first time on appeal that a shorter sentence is warranted in his case because § 2D1.1, the Guideline used to calculate his base offense level, is not based upon empirical data and national experience and tends to overstate the sentence necessary even in a mine-run case. For that same reason, Colin-Lujan argues that this court should not apply an appellate presumption of reasonableness to his within-guidelines sentence.

At sentencing, the district court judge considered the advisory sentencing guidelines range, the § 3553(a) factors, and the arguments presented by the parties. After noting the seriousness of the offense, the district court judge determined that a sentence at the low end of Colin-Lujan's advisory sentencing guidelines range was appropriate. Colin-Lujan's arguments do not establish that the district court judge abused her discretion or committed plain error by declining to impose a shorter sentence. *See Gall v. United States*, 128 S. Ct. 586, 596-97 (2007). Colin-Lujan has not rebutted the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009), *petition for cert. filed* (June 24, 2009) (No. 08-11099); *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.